**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0225, <u>State of New Hampshire v. Robert E. Johnson</u>, the court on February 22, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Robert E. Johnson, appeals his conviction, following a jury trial in Superior Court (<u>MacLeod</u>, J.), on a charge of selling heroin. <u>See</u> RSA 318-B:2 (Supp. 2015). He contends that the trial court erred by denying his motion to dismiss due to insufficient evidence.

When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State. <u>State v. Thelusma</u>, 167 N.H. 481, 487 (2015). The defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt. <u>Id</u>. In reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation. <u>Id</u>. Further, the trier of fact may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom. <u>Id</u>.

The defendant argues that the primary witness against him, Timothy Hebert, "was a demonstrably incredible witness" because: (1) his testimony varied from that of a third-party witness; (2) the other witness testified that Hebert kept part of the drugs he purchased at the request of the State as a "cooperating individual"; (3) Hebert failed to return $10.00 to the officer with whom he was working; and (4) the State asked Hebert to take a polygraph. However, we defer to the jury as to the credibility of witnesses, unless it acted unreasonably. <u>State v. Briere</u>, 138 N.H. 617, 622 (1994). The defendant made these arguments to the jury, and its duty was to decide the credibility of the witnesses. <u>See</u> <u>id</u>. We note that the trial court instructed the jury to "scrutinize" Hebert's testimony "with great care and caution." <u>See</u> <u>State v. Willis</u>, 165 N.H. 206, 225 (2013) ("Juries are presumed to follow instructions."). We conclude that the jury's implicit decision to credit Hebert's testimony was not unreasonable.

The defendant next argues that the audio recording of Hebert's transaction with the defendant does not contain explicit statements regarding the purchase and sale of drugs. However, the transcript of the recording indicates that Hebert

asked the defendant, "This is a hundred?" After the defendant made an unintelligible reply, Hebert then thanked him, and the defendant warned Hebert to be careful because police officers were about. This discussion, along with the other evidence, supports a reasonable conclusion that a drug transaction had taken place.

The defendant next argues that Hebert could have secreted drugs in his clothing or in the defendant's building and then represented to police that he had purchased them from the defendant. However, when reviewing the sufficiency of the evidence, we do not review whether another hypothesis could explain the events in an exculpatory fashion, but whether the alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. Thelusma, 167 N.H. at 489. The defendant further argues that this "transaction yielded a quantity of heroin that did not correspond with the amount of money" that the officer had given Hebert. However, this fact did not compel the jury to acquit the defendant of the charged sale.

The defendant next argues that no rational jury could have found him guilty of the charge unless it relied upon a "forbidden propensity inference" arising from two other sales of heroin for which he was tried and convicted concurrently with the conviction that he challenges in this appeal. We disagree. We note that the defendant did not seek severance of the charges and has not challenged the sufficiency of the evidence to support the other two convictions.

When viewing the evidence, and all reasonable inferences from it, in the light most favorable to the State, we cannot say that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See Thelusma, 167 N.H. at 487.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2